IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GOEDICKE, | ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 08-1422 |
| DEAN GIRTY and MILLVALE BOROUGH, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                    April 16, 2009

This is an action in civil rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff alleges that defendants, the Borough of Millvale and Dean Girty, falsely arrested and maliciously prosecuted him. In Count I, plaintiff claims that defendants' actions violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. In Counts II and III, plaintiff asserts state law claims of false imprisonment and abuse of process. [Doc. No. 15].

Defendant Girty previously filed a motion to dismiss plaintiff's complaint. [Doc. No. 6]. In response, plaintiff filed the amended complaint at issue here. [Doc. No. 15].

Defendants, the Borough of Millvale and Dean Girty, have filed motions to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docs. No. 16, 20]. For the reasons that follow, defendants' motions are granted with prejudice as to plaintiff's section 1983 claims (Count

I). Plaintiff's state law claims (Counts II and III) will be dismissed without prejudice .

I. FACTUAL BACKGROUND

Solely for the purpose of evaluating these motions, we have taken the facts alleged in the complaint as true.

On July 24, 2006, plaintiff had a telephone conversation with defendant Girty, the former Chief of Police for Millvale Police Department, regarding Nicola Girty, defendant Girty's ex-wife. Plaintiff states that at no time during the telephone conversation did he threaten defendant Girty.

Approximately two and a half months later, on October 11, 2006, defendant Girty filed a report with the Millvale Police Department in which he alleged that plaintiff threatened and harassed him during the July 24, 2006 telephone conversation. Pursuant to defendant Girty's report, an arrest warrant was issued and Millvale police officers arrested plaintiff. Plaintiff was held in the Allegheny County Jail for four days and was charged with the following crimes: (1) terroristic threats [doc. no. 15 at ¶ 18], and (2) harassment by communication [doc. no. 15 at ¶ 18]. Plaintiff asserts that defendant Girty filed the report unlawfully because of personal animosity towards plaintiff and in retaliation for plaintiff's relationship with defendant Girty's ex-wife.

Plaintiff states that before his January 31, 2007 preliminary hearing, defendant Girty threatened him with additional criminal charges, more jail time, and criminal charges against Ms. Girty if plaintiff did not plead guilty to one count of harassment [doc. no. 15 at ¶ 23]. Plaintiff, therefore, pled guilty to a summary count of harassment [doc. no. 15 at ¶ 24].

II. <u>STANDARD OF REVIEW</u>

In considering Rule 12(b)(6) motions, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. <u>Twombly</u>, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement

will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed defendants' motions to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is persuaded that dismissal is appropriate at this time.

III. **DISCUSSION**

A. **Section 1983 Claims**

In Count I, plaintiff alleges section 1983 claims for malicious prosecution and false arrest.[1]

A claim of malicious prosecution is actionable under section 1983. See Losch v. Borough of Parkesburg, 736 F.2d 903, 907-08 (3d Cir. 1984). Although malicious prosecution, as such, is not actionable under the Constitution, the tort can rise to a constitutional level if it is a "link in a chain showing a deprivation of liberty or property without due process of law." Mahoney v. Kesery, 976 F.2d 1054, 1060 (7th Cir. 1992). To prevail in a claim for malicious prosecution, plaintiff must establish that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the

---

[1] Although it is not clear, plaintiff appears to believe that he has also asserted a claim that defendants violated his right of access to the courts through abuse of process under the "Article IV Privileges and Immunities Clause, the Fourteenth Amendment Equal Protection Clause, and the Due Process Clauses." [Doc. No. 24 at 9]. Count I of the amended complaint, however, solely involves plaintiff's malicious prosecution and false arrest claims. Specifically, in Count I, plaintiff states that defendant Girty charged plaintiff without probable cause and with malice. [Doc. No. 15 at ¶ 29]. A claim for abuse of process may only be maintained where "prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." Bristow v. Clevenger, 80 F.Supp.2d 421, 431 (M.D. Pa. 2000) (quoting Rose v. Bartle, 871 F.2d 331, 350 (3d Cir. 1989)) (quotation marks omitted). Moreover, plaintiff specifically asserted a state law abuse of process claim in Count III. Accordingly, plaintiff's amended complaint cannot logically be construed to assert a claim of abuse of process pursuant to section 1983.

proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791 (3d Cir. 2000)(citing Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996)).

It is undisputed that defendants initiated the criminal proceeding, and that the proceeding terminated unfavorably for plaintiff. Specifically, plaintiff pled guilty to harassment. While we recognize that plaintiff has attempted to appeal his plea of guilty, it has not yet been withdrawn or invalidated. Unless and until plaintiff's guilty plea is reversed, he has no cause of action for malicious prosecution against defendant Girty.

Plaintiff's claim for false arrest under section 1983 also fails because of plaintiff's guilty plea. A finding in favor of plaintiff for false arrest would be improper as it would imply the invalidity of his state court sentence. See Loucks v. Jay, No. 04-0366, 2006 WL 266105, at *3 (M.D. Pa. Feb. 1, 2006) (dismissing a claim for false arrest because "any judgment in [plaintiff's] favor would clearly imply invalidity of the underlying conviction); Marable v. West Pottsgrove Twp., No. 03-3738, 2005 WL 1625055, at *9-10 (E.D. Pa. July 8, 2005) (dismissing section 1983 claim for false arrest because plaintiff pled nolo contendere to the charge against him). Accordingly, plaintiff has no cause of action for false arrest under section 1983 against defendant Girty.

6

Plaintiff's claims alleging municipal liability under section 1983 also fail. Defendant Millvale Borough cannot be liable under section 1983 unless one of its employees violated plaintiff's civil rights as a result of a municipal policy or practice. <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 691-95 (1978). In other words, defendant Millvale Borough cannot be liable under section 1983 unless there was a violation of plaintiff's constitutional rights. <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 122-23 (1992). Because we have determined that plaintiff has no cause of action against defendant Girty in Count I for a violation of plaintiff's civil rights, we will also dismiss plaintiff's section 1983 claim against defendant Millvalle Borough. See <u>Williams v. Borough of West Chester, Pa.</u>, 891 F.2d 458, 467 (3d Cir. 1989).

B. <u>State Law Claims</u>

In addition to his claims under section 1983, plaintiff alleged state law claims of false imprisonment and abuse of process against defendants. The court must, therefore, consider whether it should exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

Whether the court will exercise supplemental jurisdiction is within its discretion. See <u>Growth Horizons, Inc. v. Delaware County, Pa.</u>, 983 F.2d 1277, 1284 (3d Cir. 1993). The primary justification for exercising supplemental jurisdiction,

however, is absent if the substantive federal claim is no longer viable.

There is no bright line for determining whether a supplemental state law claim should be dismissed when the federal claims have been eliminated before trial. The Supreme Court has made clear, however, that under circumstances such as those in the instant case, the balance of factors, i.e., judicial economy, convenience, fairness, and comity, "will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

The court finds that the balance of factors points toward declining to exercise jurisdiction and that no extraordinary circumstances exist to justify maintaining jurisdiction over plaintiff's supplemental state law claims. Plaintiff's state law claims, therefore, will be dismissed without prejudice.

IV. CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment [docs. no. 16, 20] will be granted as to plaintiff's section 1983 claims (Count I). As the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims (Counts II and III), those claims will be dismissed without prejudice to plaintiff's right to refile them in state court.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT GOEDICKE, )
)
        Plaintiff, )
   v. ) Civil Action No. 08-1422
)
DEAN GIRTY and MILLVALE BOROUGH, )
)
        Defendants. )

## ORDER

AND NOW, this 16th day of April, 2009, upon consideration of defendants the Borough of Millvale and Dean Girty's motions to dismiss plaintiff's amended complaint [docs. no. 16, 20], IT IS HEREBY ORDERED that the motions are GRANTED. Count I is hereby dismissed with prejudice. Counts II and III are hereby dismissed without prejudice to plaintiff's right to refile them in state court.

The Clerk of Courts is directed to mark this matter closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record